Turley, J.
delivered the opinion of the court.
This bill of complaint charges, that certain persons residing in the town of Nashville, styling themselves and known and designated as the Ross Company, of Texas, and one William Arnold, held out and pretended that they had become interested in a certain pretended grant of land, which they fraudulently represented had been made by the government of Mexico to one Reuben Ross, for eighteen millions four hundred thousand acres of land, in the province of Texas, on the 17th day of May, 1828, the whole of which they pretended to have purchased from said Ross. That said company, pretending that it was essential to their interest that some person should be sent to the Mexican government for the purpose of obtaining a confirmation of the grant, constituted and appointed William Arnold their agent for that purpose, and in consideration for his services thus to be rendered, agreed with him that he should be entitled to receive one half of the number of acres contained therein. That said Arnold divided his interest in said grant into four hundred shares, of twenty three thousand acres each, for which he is- *305 suéd scrip, which, by tlie advice, consent and management the company, be placed in the hands of various irresponsible persons for sale, for the benefit of himself and company. That, among others, one Samuel Gillespie was appbihted an agent for the sale of said scrip, who by false and fraudulent representations, induced the complainants jointly to purchase scrip for one share in said adventure, for which they executed their joint note to Wm. Arnold for the sum of two hundred and fifty dollars, bearing date the 25th day of November, 1832, and falling due the 1st day of January, 1835. That they would not have purchased said scrip but for the false statements and representations of the said Gillespie, who at and. before said purchase, iniquitously stated to them as an inducement to make the purchase, that there would and could be no difficulty in obtaining the said land; that the same had been granted by the Mexican government to Reuben Ross, absolutely and unconditionally; that the title was perfect and unimpeachable,- and that the only reason why the land had not long before been laid off, and possession taken by the said Arnold and the Ross company, was to be attributed solely to the death of Ross, iri consequence of which, it became necessary for the company to send some person to Texas only for the purpose of having the boundaries of said grant run out, marked and established, which alone remained to be done in order to the perfect occupancy and enjoyment of said lands; that said William Arnold had a perfect title to one half of said grant of land, and would in a short time go to the province of Texas for that purpose, and that after having run out said grant, the boundaries of which he alleged were well known, the said Arnold would then divide the same between himself ánd the company, into equal shares, and after having so done, would also* while there, proceed to divide his portion into four hundred equal shares, and that the purchasers of scrip from him would draw for their number of location; all of which statements the bill charges to have been absolutely false, and so known to have been by Gillespie at the time they were made.
The bill further charges that no grant Was ever made by the Mexican government to Ross for the land claimed, or that if such grant was made, it was totally different from that set *306 forth and represen!ed by said Gillespie and Arnold, being - - — made upon condition that the said Ross should, within sis years from the date of said grant, settle two hundred families within the limits of the giant, two thirds of whom should be Mexican subjects; and that shortly after the date of said grant Ross was murdered, wilhout having transferred his interest (if any) therein, to said company, and without having done anything toward complying with the conditions of the grant, and that the six years, the time limited for its performance, had expired, after which the same land was granted to one Cameron, upon the same conditions.
The bill further charges, that the said Arnold, in the summer of 1833, started to the Republic of Mexico, but died shortly thereafter in the province of Texas, without having obtained any confirmation of said grant from the Mexican government, and that no attempts have been since made to do so, and all right which the company might have had to said grant, has been entirely lost.
The bill further charges, that the note executed by the complainants to Arnold, was endorsed to L. P. Cheatham, the defendant, on the 25th day of August, 1833, and that he had obtained judgment thereon against them, at the June term, 1835, of the county court of Maury, but that he was, at and before the time of the transfer, and still is a member of the Ross company, and was fully acquainted with all the facts charged in the bill, and knew all about the consideration of the note and the circumstances under which it was given, and that he paid no consideration for the transfer.
A copy of the scrip purchased from Arnold by the complainants, is attached to the bill as an exhibit, and is in the words and figures following:
“Rons Concession.
“Beginning at the point west, at which terminates the colony of General Arthur A. Neville, upon the Red River of Natchitoches; from thence running up the said river, on the south side thereof, with its meanders, passing the south-west corner of the Arkansas territory, to a point on said river where the !02d degree of west longitude crosses it; from thence south with said degree I'veiPv leagues; from thence *307 oast, parallel with said Red river, 220 miles to the west boundary of said Neville’s grant; thence north with said boundary to the beginning, including eighteen millions four hundred thousand acres. "*
“Whereas, a grant of land, in the province of Texas, was heretofore obtained from the Mexican government, by Reuben Ross of Tennessee, and certain .persons in the town of Nashville, known and designated as the Ross company, became interested in said grant, and since the death of said Ross nothing having been done towards a confirmation of said grant in said company, and it being highly necessary that this object should he effected immediately, if possible; and whereas, the president and members of the Ross company have full faith and credit in the capacity and integrity of G en-era] William Arnold, of Tennessee: Now, therefore, it is agreed between the president and members of said company and the said Wm. Arnold, that the said Arnold shall proceed forthwith to any part of the Mexican Republic he may please, for the purpose of obtaining a confirmation of the grant issued to the said Reuben Ross on the 17th day of May, 1828, or of effecting such a modification “of said grant and such an extension of time as may be necessary to enable the company to realize the benefit” of said grant. And the said Arnold is hereby authorized and empowered to surrender said grant altogether if another equal to it can be obtained in its place, or to change or remodel it in such manner as he may think best, and to do and perform such other acts as he may deem necessary for the interest of said company. And for and in consideration of the services which the said Arnold may render in effecting the above objects, he shall be entitled to receive one half of the said grant, if it be confirmed, or the one half of whatever he may obtain.
In testimony whereof, the president and members of the Ross company and the said William Arnold have hereunto set their hands and affixed their seals, this 22d day of September, 1832.” Signed and sealed by — uJohn Shelby, President, W. Barrow, John C. Jl'PLsmore, Andrew Hynes, Robt, H. M’Ewen, Matthew Watson, James VanJx, S. B. .Marshall
*308 uj j}avg divicjeci my interest in this concession into 400 s^ares’ anc^ person or persons holding this scrip will be entitled to one share. Witness my hand and seal this 22d day October, 1832. Wm. Arnold, (Seal.)
The defendant answers and admits the assignment of the note, and that he obtained a judgment thereon as stated in the bill, and that at the time the note was assigned he did know that the consideration was the purchase of a share of Arnold’s interest in the Ross grant, as charged, but denies that any fraud or misrepresentation was practiced, or intended to be practiced by the Ross company or William Arnold, in the sale to the complainants, and states that he believed the Scrip, as exhibited by the complainants, contains a true state? ment of the facts in relation to the claim, as they were believed to exist by the company and William Arnold, and as they were stated to the complainants. He also denies that he was ever a member of the Ross company or had any interest in Arnold’s sale of scrip, but says that he received the note in dispute, from Arnold in part payment of debts due for money paid for him as his endorser of different notes; he also admits that Arnold died in the province of Texas-without having effected the object proposed by h:s mission to the republic of Mexico.
There is no proof in the cause: it was heard upon bill, answer and replication.
It is a well settled principle of equity jurisprudence that where a fraud is charged it must be proven. It is charged in this bill but it is denied in the answer, and there is uo proof of its existence. That the fraudulent misrepresentations charged in the bill to have been made by Gillespie, the agent of Arnold, as an inducement for complainants to purchase the scrip, were never made, is evident from the facts specified on the face of the scrip itself. It shows that nothing had been done after the death of Ross towards perfecting a title to the grant, and that it was highly important that it should be done immediately, if possible, and that Arnold was to proceed forthwith to the republic of Mexico for the purpose of obtaining a confirmation of the grant, or such a modification thereof, and such an extension of time, as might be necessa- *309 realise the benefit expected to 1 iy to enable the company to arise therefrom, and that he was empowered to surrender it altogether if another could be got, or to change or remodel it in such a manner as he might think proper. How is it possible that with these facts expressed in the evidence of the right about to be sold to the complainants, that the agent of Arnold could have said to them “that there could be no difficulty in obtaining the land, that the same had been granted by the Mexican government to Ross absolutely and unconditionally; that the title was perfect and unimpeachable, and that the only reason why the land had not been long before laid off, and possession taken by the company and Arnold, was to be attributed solely to the death of Ross, in consequence of which it became necessary for the company to send some person to Texas, solely forthe purpose of havingthe boundaries of said grant run out, marked and established, and which alone remained to be done in order to the perfect occupancy and enjoyment of the land.” The proposition is too absurd for belief. We are well satisfied that the purchase was understood by both the contracting parties to have been a hazard, where much might possibly be gained and but little lost, and that loss the purchasers were willing to risk in consideration of the chance of the gain. Surely no one can suppose that two hundred and fifty dollars would have been received in payment for a certain interest in twenty three thousand acres of lapd. That the condition upon which Arnold was to have his interest in the grant was never performed by him can make no difference in the case now under consideration, however much it might if he were defendant, because it only amounts to a failure of consideration, which having taken place after the assignment of the note to the defendant, Cheatham, cannot affect his previously acquired rights. The only question then is, whether the contract was in its inception void, which it certainly was not, because there was nothing in it either malum in se or malum prohibitum. We therefore reverse the decree of the court below and dismiss the complainants bill.
Decree reversed.